CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 02 2011

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **LAWRENCE JOHNSON,** | ) CASE NO. 7:11CV00515 |
| | ) |
| Petitioner, | ) |
| | ) MEMORANDUM OPINION |
| vs. | ) |
| | ) |
| **OASIS MANAGEMENT SYSTEM, et al.,** | ) By: James C. Turk |
| | ) Senior United States District Judge |
| Respondents. | ) |

Lawrence Johnson, an inmate proceeding pro se, filed this petition for a writ of habeas corpus in the Circuit Court for the City of Salem, Virginia. Johnson, a federal inmate, is currently confined at a local regional jail and complains that he is entitled to habeas relief because various living conditions at the jail are unconstitutional. Because he appeared to be challenging the execution of his federal criminal sentence, the Circuit Court transferred Johnson's petition to this court for further disposition. Based on Johnson's demand for habeas relief, the court construed and docketed his submission as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. After reviewing the petition, the court concludes that it must be summarily dismissed for failure to state a claim.

Johnson, who is serving a federal criminal sentence, is currently housed at the Western Virginia Regional Jail in Salem, Virginia. He complains about several living conditions to which he has been subjected while at the jail: a) a nurse in the jail's medical unit injected Johnson with a needle that had already been used for a tuberculosis test; b) the food provided to Johnson at the jail is "nutritionally inadequate" and is prepared in an unsafe manner, problems which cause inmates "notable weight loss and mildly diminished health"; c) jail regulations greatly restrict Johnson's ability to "exercise with direct sunlight" by requiring him to exercise inside a room

with only one wire mesh wall open to the outside; d) the high cost of telephone calls through the jail's telephone system limits Johnson's ability to converse with his family and his attorney; e) the jail's telephone system provides no privacy for calls between Johnson and his attorney; and f) high prices charged for items in the jail's commissary amount to "price gouging/price fixing." Because of these conditions, Johnson asserts that he is entitled to habeas relief. He also seeks injunctive relief and a transfer.

It is well settled law that habeas corpus jurisdiction extends to prisoners' claims that challenge the legal basis of the confinement, § 2241(c)(3), but does not extend to claims concerning the conditions of confinement. Prisoners who wish to challenge the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits under 42 U.S.C. § 1983 (against state officials) or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (against federal officials), and not through federal habeas proceedings. McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action [ ] attacks the conditions of the prisoner's confinement. . . ." (omitting quotation)); see also Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a . . . state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").

Johnson's pleading alleges no ground on which his custody itself—the fact of his confinement or the duration of his confinement—are in violation of the constitution or laws of the United States. Therefore, his allegations, although styled as a petition for habeas corpus relief, do not actually present any claims that sound in habeas or provide any ground on which he

could be entitled to such relief. Therefore, the court will summarily dismiss his habeas petition without prejudice for failure to state a claim upon which the requested relief can be granted. An appropriate order will enter this day.

Because Johnson is proceeding pro se, the court could liberally construe his pleading as a civil rights complaint under § 1983 and allow him to proceed with the case. However, court records indicate that Johnson is well aware of the requirements for filing a civil rights action. His Bivens action, Johnson v. O'Brien, Case No. 7:09CV00165, is currently scheduled for a jury trial on November 17, 2011, in Big Stone Gap, Virginia. He has also filed at least one other civil rights action in this court, Johnson v. O'Brien, Case No. 7:08CV00022 (W.D. Va. Mar. 16, 2009), which proceeded to the summary judgment stage. Despite his evident knowledge of the federal civil rights litigation process, Johnson pursued his current action in state court, seeking habeas relief. On this record, the court declines to construe his current submissions as a civil rights action.[1]

ENTER: This 2nd day of November, 2011.

*(signature)*
Senior United States District Judge

---

[1] Johnson is advised that if he wishes to pursue a § 1983 civil rights action, he may resubmit his claims in a separate, properly styled complaint. He will also be required to provide evidence that he has exhausted his administrative remedies as to each of the claims he raises, pursuant to 42 U.S.C. § 1997e(a), and to make appropriate arrangements regarding the $350.00 filing fee for filing a federal court civil action.[1] See 28 U.S.C. §§ 1914(a) and 1915(b).

3